AYRES, Judge.
This is an action by a workmen’s compensation insurer of an employer of an injured employee to recover compensation paid and medical expenses incurred as a result of injuries sustained by the employee. Made defendant is the insurer of another in whose service the injured employee was alleged to have been engaged as a borrowed employee at the time he sustained accidental injuries.
*673 On the basis of a conclusion that the injured party was not, at the time he sustained accidental injuries, a borrowed employee of defendant’s assured, plaintiffs demands were rejected. From the judgment accordingly rendered and signed, plaintiff appealed.
The issue presented for resolution, purely factual in character, is whether Felix E. Strother was in the service of defendant’s assured at the time he sustained accidental injuries.
Tri-State Realty Company and Gulf States Truck Lines, Inc., are corporations owned by the estate of the late W. Harry Johnson. The former owns and operates North Ridge Farms, Strother’s employer. While the corporations have the same officers, with Bennie B. Goodwin serving both in a managerial capacity, they are separate and distinct entities engaged in separate and distinct businesses and endeavors, each operated from its own office and location and by its own employees. The realty corporation is engaged primarily in agricultural pursuits, while the truck concern is engaged primarily in the transporation of heavy oilfield equipment. Strother was employed by North Ridge Farms to operate a bulldozer engaged principally in the clearing of farm lands.
The Kansas City Southern Railway Company, because of a train wreck near Mansfield, found itself in immediate need of a bulldozer to assist in clearing the wreckage and in placing the track in condition for resumption of service. The trucking company was called upon for assistance. The company, however, did not own or possess a bulldozer, and the attempts of its equipment dispatcher, Paul Collins, to locate one were unsuccessful. Failing in this effort, Collins called Goodwin to ascertain whether the farm bulldozer could be made available to the railroad company. On reconsideration, after first refusing, Goodwin consented to the use of the farm equipment. Goodwin directed that the bulldozer be delivered to the work site on a truck of the trucking corporation, and instructed Strother to proceed to the scene of the wreck, which he did in a pickup truck of North Ridge Farms.
Under directions of one apparently in the service of the railroad company, directing the clearing of the wreckage, the truck carrying the bulldozer was positioned and made ready for unloading. As Strother attempted to drive the bulldozer from the truck, it slid off to one side. In this accident, Strother received injuries for which he was paid compensation and furnished medical expenses by plaintiff, Hanover Insurance Company, insurer of his employer. For these expenditures plaintiff now seeks to be reimbursed by the defendant, Security Insurance Company, as the compensation insurer of Gulf States Truck Lines, Inc.
Insofar as Tri-State Realty Company and Gulf States Truck Lines, Inc., are concerned, no one other than Goodwin, who was an officer of both corporations, exercised any control over Strother or the bulldozer. There is no basis for concluding that Goodwin was acting in any other capacity than that of an officer of the realty company in the furnishing of the equipment and employee to the railroad company. The truckline had no right of control over either the employees or the equipment of the TriState Realty Company, and, moreover, there is no showing that it purported to exercise any such control.
The record reflects that each of these corporations received the compensation due it for the services rendered to the railroad company. While it is true that only one invoice for these services was submitted and that by the truckline, this was done for the convenience and at the request of the railroad company.
We find no basis for concluding, from the facts contained in this record, that Strother was a borrowed employee of Gulf States Truck Lines, Inc.
*674 Consequently, the judgment appealed is, in our opinion, correct and should be, and it is now, accordingly, affirmed at plaintiff-appellant’s costs.
Affirmed.